UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EUGENE A. BOWLING, JR.,

                    Plaintiff,

                                                                          9:18-CV-0597
v.                                                                       (GTS/DJS)

JAMISON, Sergeant Washington County Jail;[1]
VANARNALD, Sergeant Washington County Jail;[2]
TRIPP, Officer, Washington County Jail;[3] and
GEBBO, Officer, Washington County Jail,[4]

                    Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

EUGENE A. BOWLING, JR.,
  Plaintiff, *Pro Se*
249 Greenfield Ave., Apt. 1
Ballston Spa, NY 12020

---

[1] Although Plaintiff's Complaint identifies this Defendant's name as "Jamison," his name appears to be *David* Jami*e*son. (*Compare* Dkt. No. 1 *with* Dkt. No. 10 *and* Dkt. No. 27, Attach. 7 *and* Dkt. No. 40.) As a result, the Clerk of the Court is directed to amend the caption of the docket sheet accordingly.

[2] Although Plaintiff's Complaint identifies this Defendant's name as "Vanarndald," his name appears to be *Terry* Van*Arnum*. (*Compare* Dkt. No. 1 *with* Dkt. No. 9 *and* Dkt. No. 27, Attach. 8.) As a result, the Clerk of the Court is directed to amend the caption of the docket sheet accordingly.

[3] Although Plaintiff's Complaint identifies this Defendant's name as "Tripp," his name appears to be *Brian* Tripp. (*Compare* Dkt. No. 1 *with* Dkt. No. 11 *and* Dkt. No. 27, Attach. 9.) As a result, the Clerk of the Court is directed to amend the caption of the docket sheet accordingly.

[4] Although Plaintiff's Complaint identifies this Defendant's name as "Gebbo," his name appears to be *Timothy* Gebo. (*Compare* Dkt. No. 1 *with* Dkt. No. 9 *and* Dkt. No. 27, Attach. 8.) As a result, the Clerk of the Court is directed to amend the caption of the docket sheet accordingly.

JOHNSON & LAWS, LLC            APRIL J. LAWS, ESQ.
  Counsel for Defendants       GREGG T. JOHNSON, ESQ.
648 Plank Road, Suite 204
Clifton Park, NY 12020

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Eugene A. Bowling, Jr. ("Plaintiff") against the four above-captioned employees of the Washington County Jail ("Defendants"), are the following: (1) Defendants' motion for summary judgment; (2) a Report-Recommendation recommending that Defendants' motion be denied; and (3) Defendants' Objections to the Report-Recommendation. (Dkt. Nos. 27, 39, 42.) For the reasons set forth below, the Report-Recommendation is accepted except for the limited portion that recommends the dismissal of Plaintiff's excessive force claim against Defendant VanArnum arising from the incident outside Plaintiff's cell, which is rejected.

## I.     RELEVANT BACKGROUND

Generally, the Report-Recommendation renders the following four findings of fact and conclusions of law: (1) that genuine disputes of material fact exists regarding whether Plaintiff exhausted his available administrative remedies before filing his excessive-force claim in this Court; (2) that, as a result of the aforementioned genuine disputes of material fact, a hearing be held with regard to Defendants' exhaustion defense; (3) that, even setting aside the aforementioned genuine dispute of material fact, a separate genuine dispute of material fact exists regarding whether Defendants acted reasonably in using force against Plaintiff both outside of his cell door and in the shower area; and (4) that, for the same reasons, a genuine dispute of

2

material fact exists regarding whether the doctrine of qualified immunity protects Defendants from liability on Plaintiff's excessive-force claim as a matter of law. (Dkt. No. 39, at Part IV.)

Generally, in their Objections, Defendants assert the following four arguments: (1) the Report-Recommendation erred to the extent it recommended the denial of Defendants' request for judgment on Plaintiff's excessive-force claim against them arising from the cell incident because (a) the Report-Recommendation overlooked video evidence showing that Plaintiff ignored Defendant Jamieson's direct orders to vacate his cell and then (after being removed from his cell) attempted to strike Defendant Jamieson, (b) the reasonableness of Defendants' use of force (which did not involve a baton, pepper spray or Taser) is indisputable given Plaintiff's admissions and staff testimony, (c) any testimony to the contrary by Plaintiff (with regard to the cell incident) is so replete with inconsistencies that it can be found incredible by the Court pursuant to the Second Circuit's decision in *Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005), and (d) at the very least, Plaintiff has admitted that Defendant VanArnum did not assault him outside of his cell (and he has not brought a failure-to-intervene claim against Defendant VanArnum); (2) in any event, Defendants are protected from liability with regard to that cell incident by the doctrine of qualified immunity as a matter of law; (3) the Report-Recommendation erred to the extent it recommended the denial of Defendants' request for judgment on Plaintiff's excessive-force claim against Defendant Tripp arising from the shower incident, because Plaintiff admitted under oath that Defendant Tripp did not strike or punch him while he was in the shower area (and because he has not brought a failure-to-intervene claim against Defendant Tripp); and (4) in any event, Defendant Tripp is protected from liability with regard to that shower incident by the doctrine of qualified immunity as a matter of law. (Dkt.

No. 42.)

## II. GOVERNING LEGAL STANDARD

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[5] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[6] Similarly, a

---

[5] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[6] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

4

district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[7] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[7] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,

5

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[8]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully considering the matter, the Court finds no clear error in those portions of the Report-Recommendation to which Defendants have not specifically objected: the Report-Recommendation employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, those portions of the Report-Recommendation are accepted and adopted in their entirety for the reasons stated therein. With regard to the remaining portions of the Report-Recommendation, the Court performs the following de novo review.

With regard to the first argument asserted in Defendants' objections (*see, supra,* Part I of this Decision and Order), the Court largely rejects it. Clearly, the United States magistrate judge

---

07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[8] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

who authored the Report-Recommendation both viewed the video and acknowledged the indisputability of the fact that Plaintiff ignored Defendant Jamieson's direct orders to vacate his cell. (*See* Dkt. No. 39, at 2, 10, 11 & n.2 [referencing video]; Dkt. No. 39, at 2, 10 ["Defendant[] Jamieson . . . ordered him to leave . . . . Plaintiff admits that he refused three orders to leave his cell. . . . Plaintiff concedes that he was not compliant with directions to come out of his cell . . . ."].) The Court has carefully reviewed the video and other record evidence and finds that, although a jury viewing the incident would *probably* conclude that Defendants acted reasonably, the jury could not be deemed irrational for concluding that Defendants acted unreasonably.

For example, although the video does show that Plaintiff was resisting before he was brought to the ground (e.g., refusing to come out of his cell, turning away from the fence in front of his cell, holding onto the fence, attempting to grab onto Defendant Jamieson, etc.), it does not indisputably show that Plaintiff attempted to strike and/or punch Defendant Jamieson. (Dkt. No. 27, Attach. 3, at 7:30-7:55 [Video].) Moreover, it shows Defendant Jamieson waiting only four seconds after the door fully opened before grabbing Plaintiff's shirt and then also grabbing his face. (*Id.*) Furthermore, it does not show what sort of purported face pushing, rib punching, arm twisting and blood choking could have occurred in what the magistrate judge aptly calls a "scrum." (*Compare id.* at 7:55-8:56 *with* Dkt. No. 27, Attach. 5 and 32-36, 41, 54-55 [attaching pages "32," "34," 35," "36," "41," "56" and "57" of Plf.'s 50-h Hearing Transcript] *and* Dkt. No. 36, at 19 [Plf.'s Letter] *and* Dkt. No. 36, at 24 [Plf.'s Medical Record].) Finally, the Court does not find Plaintiff's testimony to be sufficiently self-contradictory to trigger the credibility determination authorized by *Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005), except for Plaintiff's testimony regarding Defendant VanArnum.

The sole portion of Defendants' first argument that persuades the Court is the portion regarding Defendant VanArnum. In his verified Complaint (which has the force and effect of an affidavit and is part of the record on a motion for summary judgment), Plaintiff swears that "'Sargeant' [sic] Vanarnald . . . started assulting [sic] me punching me in the ribs steching [sic] my arms behind my back and puting [sic] a hard object behind my ear until somthing [sic] poped [sic] and blood started comming [sic] from my mouth." (Dkt. No. 1, at 4.) However, in his deposition, Plaintiff admitted that, although other inmates informed him that Defendant VanArnum was among the officers who had assaulted him, he did not agree: "I don't actually think he assaulted me. He was just telling me to shut the F up otherwise he was going to slam my head against the gate. . . . I just think he should be responsible because he was there too." (Dkt. No. 27, Attach. 5, at 46-47, 51 [attaching pages "48," "49," and "53" of Plf.'s 50-h Hearing Transcript].) As a result, in order decide whether to permit this claim to reach a jury, the Court must decide which of these two pieces of contradictory testimony to believe. After carefully considering the matter, the Court chooses the latter piece of evidence because (1) it was rendered after the former piece of evidence, (2) it is more specific than the former piece of evidence, and (3) it explains, and rejects, the source of the first piece of evidence.

With regard to any argument that Plaintiff's claim against Defendant VanArnum (arising from the cell incident) is actually one of a failure to intervene, Defendants are correct that Plaintiff has expressly asserted an excessive-force claim, not a failure-to-intervene claim, against VanArnum. (Dkt. No. 1, at 5 [Plf.'s Complaint, asserting First Claim of "Use of Excessive Force"].) Although a court is to liberally construe a *pro se* plaintiff's complaint as asserting the strongest claims that they suggest, here, the factual allegations of Plaintiff's Complaint plausibly

8

suggest, at most, an excessive-force claim. (*Id*. at 4 [alleging "that's when 'Sargeant' [sic] Vanarnald . . . started assulting [sic] me punching me in the ribs steching [sic] my arms behind my back and puting [sic] a hard object behind my ear until somthing [sic] poped [sic] and blood started comming [sic] from my mouth"].) Moreover, the deadline for motions to amend Plaintiff's Complaint expired on November 19, 2018. (Dkt. No. 15, at 4.) One might argue that the Court should *sua sponte* set aside both that deadline and the need for a motion to amend, and permit Plaintiff to file an Amended Complaint adding a failure-to-intervene claim against Defendant VanArnum. However, doing so would transform the Court from an umpire into a pinch hitter. Moreover, the Court would also need to reopen discovery (which closed on January 21, 2019) to permit Defendant VanArnum a fair chance to defend himself against this new claim. (*Id*.) This case is almost two years old. Plaintiff has had more than a fair chance to hold Defendant VanArnum accountable for whatever occurred in the "scrum" outside of his cell on November 9, 2017.

For all of these reasons, the Court dismisses Plaintiff's excessive-force claim against Defendant VanArnum to the extent it arises from the cell incident.

With regard to Defendants' second argument, the Court rejects it. Although the Court may revisit this issue at the end of trial (based on responses from the jury to the Court's special interrogatories), the Court finds at this point, based on the current evidence, that a genuine dispute of material fact exists regarding whether Defendants (other than VanArnum) used unreasonable force against Plaintiff outside his cell (e.g., punching his ribs and pushing his face until he was choking on blood, at a time he was no longer resisting), in violation of law that was clearly established at the time.

With regard to Defendants' third argument, the Court also rejects it. Defendants are incorrect that, in his deposition, Plaintiff admitted under oath that Defendant Tripp did not strike or punch him while he was in the shower area. Rather, in his deposition, Plaintiff testified that Defendant VanArnum "[g]rabbed the back of [his] head" and "slammed" or "smashed" his "face" against a wall, causing him to "f[a]ll to the floor." (Dkt. No. 27, Attach. 5, at 56 [attaching page "58" of Plf.'s 50-h Hearing Transcript].)[9] Granted, when asked "What happened after that took place?" Plaintiff did not mention being kicked by Defendant VanArnum. (*See generally* Dkt. No. 27, Attach. 5, at 57-58 [attaching pages "59" and "60" of Plf.'s 50-h Hearing Transcript].) However, Plaintiff was not specifically asked whether Defendant VanArnum then kicked him. (*Id.*) This omission in questioning was conspicuous, given Plaintiff's sworn statement in his verified Complaint that "I fell to the floor where 'Officer' Tripp and 'Sargeant' [sic] Vanarnald kicked me in the ribs then they put me in a stripp [sic] cell for 3 days." (Dkt. No. 1, at 4.) Simply stated, when the relevant portions of Plaintiff's verified Complaint and deposition transcript are fairly read, the latter cannot be reasonably construed as recanting the former.

Finally, with regard to Defendants' fourth argument, the Court also rejects it. Although the Court may revisit this issue at the end of trial (based on responses from the jury to the Court's special interrogatories), the Court finds at this point, based on the current evidence, that a genuine dispute of material fact exists regarding whether Defendant VanArnum used unreasonable force against Plaintiff in the shower area (e.g., kicking him in the ribs), in violation

---

[9] This testimony was consistent with the sworn assertions in his verified Complaint. (Dkt. No. 1, at 4 ["'Sargeant' Vanarnald smash my face off the wall . . . ."].)

of law that was clearly established at the time.

**ACCORDINGLY**, it is

**ORDERED** that the Clerk of Court shall amend the caption of the docket sheet in accordance with notes 1 through 4 of this Decision and Order; and it is further

**ORDERED** that the Report-Recommendation (Dkt. No. 39) is **ACCEPTED** **except** for the limited portion that recommends the denial of Defendants' request for judgment on Plaintiff's excessive force claim against Defendant VanArnum arising from the incident outside Plaintiff's cell, which is **REJECTED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 27) is **DENIED** **except** for the limited portion that seeks judgment on Plaintiff's excessive force claim against Defendant VanArnum arising from the incident outside Plaintiff's cell, which is **GRANTED**; and it is further

**ORDERED** that Plaintiff's excessive force claim against Defendant VanArnum arising from the incident outside Plaintiff's cell (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Pro Bono Counsel be appointed for Plaintiff for purposes of trial only (and not for any appeal) and that, upon assignment of Pro Bono Counsel, a final pretrial conference with counsel be scheduled, at which counsel shall appear with settlement authority from the parties; and it is further

**ORDERED** that Pro Bono Counsel is respectfully reminded of his or her obligations under Fed. R. Civ. P. 25(a)(1) arising from the notice of death of Defendant Jamieson that was served on February 19, 2020 (Dkt. Nos. 40 and 41).

Dated: March 17, 2020
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge