UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EUGENE A. BOWLING, JR.,

                Plaintiff,

v.                                                    9:18-CV-0597 (GTS/DJS)

DAVID JAMIESON, Sergeant, Washington County Jail; TERRY VanARNUM, Sergeant, Washington County Jail; BRIAN TRIPP, Officer, Washington County Jail; and TIMOTHY GEBO, Officer, Washington County Jail,

                Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

LAW OFFICE OF PATRICK SORSBY           PATRICK SORSBY, ESQ.

  Counsel for Plaintiff
1568 Central Avenue, 1st Floor
Albany, NY 12205

JOHNSON LAWS, LLC                               APRIL J. LAWS, ESQ.

  Counsel for Defendants                             COREY A. RUGGIERO, ESQ.
646 Plank Road, Suite 205                          GREGG T. JOHNSON, ESQ.
Clifton Park, NY 12065                               LORAINE CLARE JELINEK, ESQ.

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this prisoner civil rights action filed by Eugene A. Bowling, Jr. ("Plaintiff") against Sergeant David Jamieson, Sergeant Terry VanArnum, Officer Brian Tripp, and Officer Timothy Gebo ("Defendants"), is Plaintiff's motion for an Order substituting "Washington County Treasurer Albert B. Nolette, as Administrator of the Goods, Chattels and Credits of David G. Jamieson" in place of Defendant David Jamieson pursuant to

Fed. R. Civ. P. 25(a)(1).  (Dkt. No. 66.)  Defendants have not opposed Plaintiff's motion, and the deadline by which to do so has expired.  (*See generally* Docket Sheet.)  For the reasons stated below, the Court grants Plaintiff's unopposed motion.

I.     **RELEVANT BACKGROUND**

   A.     **Plaintiff's Complaint**

Generally, in his Complaint, Plaintiff asserts five claims: (1) a claim that Defendants violated the Eighth Amendment through use of excessive force; (2) a claim that Defendants violated the Eighth Amendment by denying him appropriate medical care or treatment; (3) a claim that Defendants violated his Fourteenth Amendment right to equal protection; (4) a claim that Defendants violated his First Amendment rights by retaliating against him; and (5) a claim that Defendants violated his Fourteenth Amendment right to due process.  (Dkt. No. 1 [Pl.'s Compl.].)  In support of these claims, Plaintiff alleges that, on November 10, 2017, in response to Plaintiff's yelling from his cell that he needed to speak to mental health providers, Defendant Jamieson opened his cell and threw him out onto the floor, at which point Defendants VanArnum, Tripp, and Gebo began assaulting him.  (*Id.*)  Defendants VanArnum and Tripp then took him to medical services, after which those same two Defendants escorted him to the shower area, where they again assaulted him before putting him in a "stripp cell" for three days.  (*Id.*)

   B.     **Relevant Procedural History**

On May 21, 2018, Plaintiff filed the Complaint.  (Dkt. No. 1.)  On June 21, 2018, the undersigned granted a motion for leave to proceed *in forma pauperis* and found that Plaintiff's claim of excessive force survived initial review, but that his claims for denial of medical care, retaliation, due process, and equal protection were dismissed without prejudice for failure to state a claim upon which relief may be granted.  (Dkt. No. 6 [Decision and Order filed June 21,

2

2018].) On March 22, 2019, Defendants filed a motion for summary judgment. (Dkt. No. 27.) On February 13, 2020, U.S. Magistrate Judge Daniel J. Stewart recommended that Defendants' motion be denied; on March 2, 2020, Defendants filed objections; and, on March 17, 2020, the undersigned adopted the report-recommendation except as to the recommended denial of Defendants' request for judgment on Plaintiff's excessive force claim against Defendant VanArnum arising from the incident outside Plaintiff's cell. (Dkt. No. 39 [Report-Recommendation filed Feb. 13, 2020]; Dkt. No. 42; Dkt. No. 44 [Decision and Order filed Mar. 17, 2020].)

Regarding the current motion, Defendants filed a notice of the death of Defendant Jamieson on February 19, 2020. (Dkt. No. 40.) On April 9, 2020, Plaintiff's counsel entered an appearance. (Dkt. No. 47.) On May 13, 2020, Plaintiff's counsel filed a first request for an extension of time to file a motion for substitution related to Defendant Jamieson. (Dkt. No. 52.) The Court granted this first request, and continued to grant Plaintiff's subsequent requests until Plaintiff filed the current motion for substitution on January 29, 2021. (Dkt. Nos. 53, 54, 57, 58, 59, 60, 62, 63, 64, 65.) In doing so, the Court repeatedly stated that "[n]othing in . . . [its] Text Order[s] shall preclude Defendants from again raising, in any response to a motion for substitution, the concerns expressed in any of their opposition papers." (Dkt. No. 57, 63, 65.)

C. **Plaintiff's Memorandum of Law**

Generally, in his memorandum of law, Plaintiff argues that the Court should substitute Albert B. Nolette in place of the deceased Defendant Jamieson because (a) Mr. Nolette, in his capacity as Washington County Treasurer, was issued letters of administration by the Washington County Surrogate's Court, (b) Mr. Nolette is the proper party to administer Defendant Jamieson's estate because the only distributees of Defendant Jamieson's estate under

3

New York law (i.e., his wife and son) waived their right to letters of administration, and Mr. Nolette has priority by virtue of his position over non-distributees such as Defendant Jamieson's mother and sister, and (c) Mr. Nolette is not permitted to renounce his right to letters of administration, but can be relieved of that duty only by order of a court, and such an order is not warranted here because there is no other eligible person to accept letters of administration and he has not established any cause as to why he should not serve as administrator in this matter. (Dkt. No. 66, Attach. 6 [Pl.'s Mem. of Law].)

Defendants' response to this motion was due by February 19, 2021; however, as of the date of this Decision and Order, no response has been filed. (*See generally* Docket Sheet.)

## II.     APPLICABLE LEGAL STANDARDS

Under Fed. R. Civ. P. 25, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). A motion to substitute a party cannot be made until after a formal written statement of death has been filed with the Court and served on the parties. *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469-70 (2d Cir. 1998); Moore's Fed. Practice § 25.13(1), (2)(b) (3d ed. 2008) (noting that Fed. R. Civ. P. 25 "implied that the statement noting the death of a party . . . must be a formal, written document that is both served on the appropriate persons and filed with the court"); Fed. R. Civ. P. 25(a)(3) (stating that "[a] statement noting death must be served in the same manner" as a motion to substitute a party, which "must be served on the parties as provided in Rule 5").

In deciding a motion to substitute a party, the court must consider "(1) whether the motion is timely, (2) whether the movant's claims have been extinguished by the death, and (3) whether the movant proposes a proper party for substitution." *Int'l Union of Painters & Allied Trades, Dist. Council No. 4 v. Hosek Contractors*, 19-CV-1406, 2021 WL 1375649, at *2

4

(N.D.N.Y. Apr. 12, 2021) (Lovric, M.J.) (citing *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 136-37 [E.D.N.Y. 2012]).

To be timely, the motion to substitute parties must be made "within 90 days after service of a statement noting the death" of the party or "the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). This 90-day period begins when the party filing the motion to substitute receives the notice of death, whether or not any administrator of the decedent's estate has received such notice or has even been appointed or identified. *Kotler v. Jubert*, 986 F.3d 147, 153-54 (2d Cir. 2021). A party may request extensions of this 90-day period under Fed. R. Civ. P. 6. *See* Fed. R. Civ. P. 6(b) (stating that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time [A] with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or [B] on a motion made after the time has expired if the party failed to act because of excusable neglect").

In deciding whether a claim is extinguished as a result of a party's death, "a court must look to whether the claims have arisen under state law or federal law"; for a state law claim, "the claim would survive the litigant's death if the 'applicable state law created a right of survival.'" *Official Committee of Unsecured Creditors of Exeter Holdings, Ltd. V. Haltman*, 13-CV-5475, 2017 WL 9485707, at *3 (E.D.N.Y. Aug. 3, 2017) report-recommendation adopted by 2017 WL 3981299 (E.D.N.Y. Sept. 11, 2017). Under New York law, N.Y. Est. Powers & Trusts L. § 11-3.2 states that "[n]o cause of action for injury to person or property is lost because of the death of the person liable for the injury," but rather "an action may be brought or continued against the personal representative of the decedent," except that "punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury." N.Y.

Est. Powers & Trusts L. § 11-3.2(a)(1). For a federal law claim, "the Court first looks to whether a 'specific federal statutory directive' exists and, if no such mandate is evident, 'the question of survival of a claim is determined under federal common law.'" *Haltman*, 2017 WL 9485707, at *3. In general, federal courts have found that claims which can be classified as remedial survive death, while those that are penal in nature do not survive death. *See Haltman*, 2017 WL 9485707, at *3 (collecting cases).

Under Fed. R. Civ. P. 25(a), a proper party for substitution is "either (1) a successor of the party . . . or (2) a representative of the deceased party." *Haltman*, 2017 WL 9485707, at *3 (quoting *Lai Yoong Low v. Tian Yu Inc*, 12-CV-7237, 2015 WL 1011699, at *3 [S.D.N.Y. Mar. 9, 2015]). Whether the proposed party is a proper successor or representative for substitution is resolved pursuant to state law. *Int'l Union of Painters & Allied Trades, Dist. Council No. 4*, 2021 WL 1375649, at *3. A representative or administrator who has received letters of administration for the deceased party's estate is considered a proper party for substitution under New York law. *Id.* at *3 (collecting cases).

### III.   ANALYSIS

After careful consideration of whether Albert B. Nolette should be substituted as a party in place of Defendant Jamieson, the Court answers this question in the affirmative for the reasons stated in Plaintiff's unopposed memorandum of law. *See, supra,* Part I.C. of this Decision and Order. To those reasons, the Court adds the following five points.

First, in this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(a)(3)

("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases). Here, the Court finds that, at the very least, Plaintiff has met this lightened burden.

Second, notice of Defendant Jamieson's death was properly given. On February 19, 2020, Defendants filed a notice of death on the docket and certified that they served that notice by mail to Plaintiff (who was, at that time, proceeding *pro se*). (Dkt. Nos. 40, 41.)

Third, Plaintiff's motion to substitute was timely made. As discussed above in Part I.B. of this Decision and Order, Plaintiff requested and received multiple extensions of the 90-day time limit and filed his motion before the expiration of the extended time period.

Fourth, Plaintiff's excessive force claim pursuant to 42 U.S.C. § 1983 and the Eighth Amendment against Defendant Jamieson is not extinguished by Defendant Jamieson's death. *See Coon v. Bell*, 16-CV-0291, 2018 WL 10602302, at *1 (N.D.N.Y. June 18, 2018) (Stewart, M.J.) (granting a motion to substitute the deceased defendant's wife in an action pursuant to 42 U.S.C. § 1983); *Lewis v. Sheridan*, 12-CV-0031, 2014 WL 1096220, at *3 n.4 (N.D.N.Y. Mar. 19, 2014) (Sharpe, C.J.) (finding that "an Eighth Amendment excessive force claim, brought pursuant to § 1983, generally survives after a defendant's death"); *Mendez v. Knoblach*, 11-CV-0961, 2013 WL 6195750, at *2 (N.D.N.Y. Nov. 27, 2013) (Hummel, M.J.; Hurd, J.) (finding that "any action initiated under § 1983 survives a plaintiff's death"); *Graham v. Henderson*, 224

F.R.D. 59, 63 (N.D.N.Y. 2004) (Munson, J.) (acknowledging that case law supports the proposition that personal injury claims pursuant to 42 U.S.C. § 1983 survive the death of a defendant).

Fifth, and finally, Mr. Nolette is a proper party for substitution. Plaintiff makes arguments regarding why this Court should find that Mr. Nolette has been properly appointed as administrator under New York law. However, the Court need not consider these arguments regarding who constituted a distributee under New York law and who had priority for letters of administration because the Washington County Surrogate's Court has already made a decision on whether Mr. Nolette is the proper party to act as administrator of Defendant Jamieson's estate. Indeed, the Washington County Surrogate's Court, after considering arguments and objections, issued limited letters of administration to Mr. Nolette that provides him with the legal authority to "accept service of process, appear and defend, if warranted, the estate against any and all claims made by [Plaintiff], in the Federal 1983 lawsuit of Bowling v. Jamieson et al Case #9:18-cv-0597, to settle, satisfy or discharge the claim against decedent for liability due to petitioner, and to perform any act required in order to discharge the estate of the decedent from any possible liability due petitioner." (Dkt. No. 66, Attach. 3.) Because the Surrogate's Court has already determined that Mr. Nolette was a proper party to receive letters of administration under New York law (and did indeed issue letters of administration to him), Mr. Nolette is accepted as the representative or administrator of Defendant Jamieson's estate under New York law for the purposes of this lawsuit.[1] As a result, he is also a proper party for substitution in this

---

[1] The Court notes that Plaintiff is not challenging the determination of the Surrogate's Court or its issuance of letters of administration to Mr. Nolette, but rather is arguing why that determination and issuance were correct.

action. *Int'l Union of Painters & Allied Trades, Dist. Council No. 4,* 2021 WL 1375649, at *3; *Haltman,* 2017 WL 9485707, at *3.

For all of the above reasons, the Court finds that Mr. Nolette should be substituted as a party in this action in place of Defendant Jamieson.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to substitute "Washington County Treasurer Albert B. Nolette, as Administrator of the Goods, Chattels and Credits of David G. Jamieson" in place of Defendant David Jamieson pursuant to Fed. R. Civ. P. 25(a)(1) (Dkt. No. 66) is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall amend the docket sheet to substitute Albert B. Nolette, Washington County Treasurer, as Administrator of the Estate of David G. Jamieson in place of Defendant Jamieson; and it is further

**ORDERED** that Plaintiff shall serve a copy of this Decision and Order on Albert B. Nolette, Washington County Treasurer, as Administrator of the Estate of David G. Jamieson, and file an affidavit of service.

Date:   May 28, 2021
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge